# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

(CHIEF) COL. MICHAEL S. OWL FEATHER-GORBEY,

      Petitioner,

v.                                             Case No. 5:22-cv-00183

WARDEN HECKARD, FCI Beckley,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is pending before the Honorable Frank W. Volk, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Respondent's Motion to Dismiss (ECF No. 3) and Petitioner's Motion to Remand (ECF No. 4-2).

### I.    RELEVANT PROCEDURAL HISTORY

Petitioner initially filed this Petition for a Writ of Habeas Corpus in the Circuit Court of Raleigh County, West Virginia, on or about March 16, 2022. (ECF No. 1-1, Ex. A). The petition contests Petitioner's current confinement in federal prison grounded in various challenges to his criminal sentences imposed by the Superior Court of the District of Columbia (which he contends he has already discharged), and a Virginia state court probation revocation detainer lodged against him (which he claims is null and void). Notably, Petitioner's petition does not challenge any conviction or sentence imposed by the State of West Virginia or pre-trial detention therein.

Petitioner further contends that it is unconstitutional for him to be housed in a federal prison and shuttled among various states on a District of Columbia conviction. Petitioner also claims that he was illegally held in custody at FCI Beckley on federal attempted escape charges without extradition proceedings and without placement in an appropriate pre-trial holding facility, even though those charges were ultimately dismissed. Thus, he is not presently being held on those charges. Finally, Petitioner appears to raise a claim of ineffective assistance of counsel during his federal attempted escape criminal proceedings, claiming that his counsel in that proceeding, Kris Faerber, failed to address any of his arguments that his confinement was illegal. Petitioner appears to be asserting that he is entitled to "immediate release on all charges" via habeas corpus relief under West Virginia state law, W. Va. Code §§ 5-1-9 to 5-1-13 because "the Cir. Courts of West Virginia have jurisdiction over anyone within their jurisdictional boundaries." (ECF No. 1-1, Ex. A at 21).

On April 14, 2022, Respondent, by counsel, removed the petition to this federal court under 28 U.S.C. § 1442(a)(1), which provides as follows:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). Petitioner properly named his federal custodian as Respondent to his habeas corpus petition.

2

On April 21, 2022, Respondent filed the instant Motion to Dismiss (ECF No. 3), asserting that, under the principle of "derivative jurisdiction," this federal court lacks subject matter jurisdiction over Petitioner's claims because the state court never had subject matter jurisdiction to begin with. On May 16, 2022, Petitioner filed a responsive "Objection to Removal and Motion for Case to be Remanded Back to State Court" (ECF No. 4), in which he objects to the removal of this matter from the Circuit Court of Raleigh County and attempts to assert that his case was properly filed there for review of his petition for habeas corpus concerning his status as a "fugitive" under the meaning of the federal extradition statutes, 18 U.S.C. §§ 3181-3195. (*Id.* at 1). Petitioner further asserts that removal of such petitions is not permitted under state law and, thus, remand to the state court is required. (*Id.* at 2). Finally, Petitioner asserts that Respondent did not timely respond to the petition in the state court. (*Id.* at 2). However, Petitioner's arguments are frivolous.

### A.   **This federal court lacks jurisdiction over Petitioner's petition.**

As noted by Respondent, Petitioner is not in custody as a fugitive from justice under federal or state law. Rather, he is a sentenced District of Columbia prisoner who has been housed in various federal prisons around the country in accordance with the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. 105-33, 111 Stat. 786, in which Congress transferred responsibility for incarcerating District of Columbia felons to the Federal Bureau of Prisons. (ECF No. 3 at 3). Respondent's brief further explains:

> Codified at §24-1201(a) and (b) of the District of Columbia Code, the Revitalization Act provides, "[s]uch persons shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed." As a result, the Federal Bureau of Prisons now performs sentence computations and houses

3

inmates for District of Columbia Code felons transferred into the federal prison system, consistent with the sentence imposed by the District of Columbia Superior Court and District of Columbia law applicable to that sentence. Any argument by Petitioner that he is improperly housed in BOP custody is, therefore, entirely without merit as such placement is mandated by the statutes of the United States and the District of Columbia.

(ECF No. 3 at 3-4). Finally, Respondent contends that any relief concerning the validity of Petitioner's District of Columbia conviction and sentence was required to be timely challenged in a motion under 28 U.S.C. § 2255 filed in the District of Columbia. (*Id*. at 3 n.2).

More significantly, Petitioner is not in custody pursuant to a judgment of the State of West Virginia; nor is he in custody as a fugitive from justice awaiting extradition to another jurisdiction. Consequently, the Circuit Court of Raleigh County had no valid basis for jurisdiction over his petition at the time it was filed.

As asserted by Respondent, under the doctrine of "derivative jurisdiction," when an action is removed from state court by the United States pursuant to 28 U.S.C. § 1442(a)(1), the jurisdiction of the district court upon removal is "derivative" of the state court's jurisdiction.[1] *In re Elko County Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997) ("Because this case was removed from the state court pursuant to § 1442, our jurisdiction is derivative of the state court's jurisdiction."); *see also* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3727, at 170 (3d ed. (1998)) ("A federal court cannot

---

[1] As further noted by Respondent's brief, in 1985, Congress eliminated the doctrine of derivative jurisdiction from the general removal statute—28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f) ("The court in which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State from which such civil action is removed did not have jurisdiction over that claim."). However, it is widely recognized that the doctrine still applies to actions, such as this one, removed under 28 U.S.C. § 1442. *See Palmer v. City Nat'l Bank of West Virginia*, 498 F.3d 236, 245-46 (4th Cir. 2007) (discussing impact of 1985 amendment to derivative jurisdiction actions under 28 U.S.C. § 1442).

confer subject matter jurisdiction over a case removed under Section 1442 if none existed at the state level.").

Accordingly, where the state court lacks jurisdiction over the subject matter or the parties, the federal court does not acquire jurisdiction upon removal, "even though in a like suit originally brought in federal court, the court would have had jurisdiction." *Bullock v. Napolitano*, 666 F.3d 281, 286 (4th Cir. 2012) ("The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction."); *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (citing *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1998)). (ECF No. 3 at 2-3). Thus, Respondent asserts that, because the state court lacked jurisdiction over Petitioner's petition, the federal court also lacks jurisdiction over it. Hence, Respondent has moved to dismiss the petition. (ECF No. 3 at 2-3).

Petitioner's objections and motion to remand are not well-taken. Petitioner has not demonstrated a valid basis for jurisdiction in the state court. Therefore, pursuant to the doctrine of derivative jurisdiction, this federal court also lacks jurisdiction over all aspects of Petitioner's claims in his petition and remand to the Circuit Court of Raleigh County is not warranted.

**B.     Respondent's other arguments.**

Respondent's motion to dismiss also asserts that, as a sanction for filing the instant petition, the court should order the revocation of Petitioner's non-vested earned Good Conduct Time ("GCT") pursuant to 28 U.S.C. § 1932. (ECF No. 3 at 4-5). 28 U.S.C. § 1932 provides as follows:

> In any civil action brought by an adult convicted of a crime and confined in a Federal correctional facility, the court may order the revocation of such earned good time credit under section 3624(b) of title 18, United States Code, that has not yet vested, if, on its own motion or the motion of any party, the court finds that—

> (1) the claim was filed for a malicious purpose; (2) the claim was filed solely to harass the party against which it was filed; or (3) the claimant testifies falsely or otherwise knowingly presents false evidence or information to the court.

28 U.S.C. § 1932.

Respondent argues that Petitioner filed the instant petition in the state court in to avoid the effects of a pre-filing injunction previously entered by the presiding District Judge due to Petitioner's repeated filing of frivolous and vexatious petitions and complaints, largely related to his conditions of confinement in federal prison. *See Feather-Gorbey v. Warden, FCI Beckley*, Nos. 5:21-cv-00367, 5:21-cv-00387, & 5:21-cv-00492, 2022 WL 351674 (S.D.W. Va. Feb. 4, 2022) (imposing pre-filing injunction requiring leave of court before docketing any new complaints or petitions). Respondent now asserts:

> Here, Petitioner's filing of the action in state court to force a removal to Federal District Court was clearly done in an attempt to circumvent this Court's order in cases 21-cv-367, 387, and 492 prohibiting Petitioner from filing additional claims without prior approval of the Chief Judge. See ECF No. 1, Exhibit C. Additionally, filing in state court and forcing removal permits Petitioner to circumvent screening of his claims and the payment of filing fees.

(ECF No. 3 at 4). Thus, Respondent requests that the court use its discretion to revoke 452 days of non-vested earned GCT from Petitioner as a sanction for filing this petition. Petitioner's objections do not address this issue. (ECF No. 4). The undersigned proposes that the presiding District Judge **FIND** that a sanction of the revocation of GCT under 28 U.S.C. § 1932 is not warranted under the circumstances of this case and the previously entered pre-filing injunction.

Respondent also asserts that, to the extent that Petitioner's petition contains allegations related to his conditions of confinement in federal prison, such claims are not

appropriate for consideration in habeas corpus but, instead, must be brought in a civil rights complaint. *See Daniel v. Craig*, No. 5:07-cv-00465, 2008 WL 644883, at *2 (S.D.W. Va. Mar. 7, 2008) ("a § 2241 petition is used to attack the manner in which a sentence is executed, and is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement.") (citations omitted). (ECF No. 3 at 5). The undersigned does not read any of Petitioner's instant allegations to directly implicate his conditions of confinement. Nonetheless, to the extent that any of his allegations are not related to the execution of his sentences, the undersigned agrees that the same are not appropriate for consideration through a habeas corpus petition in federal court and are subject to dismissal in the instant civil action.

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that that the presiding District Judge **GRANT** Respondent's Motion to Dismiss (ECF No. 3), **DENY** Petitioner's Motion to Remand (ECF No. 4-2), and **DISMISS** Petitioner's removed petition for a writ of habeas corpus (ECF No. 1-1) and this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written

objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner at his present place of confinement, and to transmit a copy to counsel of record.

January 31, 2023

Dwane L. Tinsley
United States Magistrate Judge